IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LYNN PITTS, individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No. 4:22-cv-00819 ) |
| OAK RIDGE MEDICAL BILLING SERVICES, LLC, WASATCH BUSINESS SOLUTIONS, LLC, and ANDREW RINEHART, | ) ) ) ) ) ) |
| *Defendants*. | |

## CLASS ACTION COMPLAINT

Plaintiff Lynn Pitts, by and through the undersigned counsel, brings this Class Action Complaint against Defendants Oak Ridge Medical Billing Services, LLC, Wasatch Business Solutions, LLC, and Andrew Rinehart (hereafter collectively, "Defendants"), and states and alleges as follows:

### NATURE OF THE ACTION

1. This action is brought pursuant to the Missouri Merchandising Practices Act (MMPA) and common law.

2. This action arises out of Defendants' fraudulent scheme of selling "Acoustic Pressure Wave Treatment" as a medical treatment for erectile dysfunction ("ED").

3. Defendants, like all snake-oil salesman, promise potential customers a cure for extremely sensitive medical issues – ED.

4. However, Defendants have no intention of helping prospective customers. Instead, Defendants apply high-pressure sales tactics and lie to prospective customers to secure an upfront

1

payment – many times via credit card – for "medical treatments" that Defendants know or should have known would never provide any type of improvement for customers.

5. Defendants, acting in concert and working as an enterprise, used fraudulent and unlawful practices to swindle Plaintiff and the putative Class (defined below).

**PARTIES**

6. Plaintiff Lynn Pitts is an individual citizen of the State of Kansas and currently resides in the State of Kansas.

7. Defendant Oak Ridge Medical Billing Services, LLC is, upon information and belief, a Missouri limited liability company with a registered agent named Logan Wade Underwood, and may be served at Route 1, Box 1325, Thayer, Missouri 65791.

8. Defendant Wasatch Business Solutions, LLC is, upon information and belief, a parent organization to Defendant Oak Ridge Medical Billing Services, LLC, and is an integral part of Defendants overall fraudulent enterprise. This Defendant may be served through corporate service agent Incorp Services, Inc. at 2847 South Ingram Mill Road, Suite A100, Springfield, Missouri 65804.

9. Defendant Andrew Rinehart is, upon information and belief, an individual citizen of the State of Utah.

**JURISDICTION AND VENUE**

10. This Court has personal jurisdiction over all the Parties as each has directed specific and intentional actions to the State of Missouri and has each purposefully availed themselves of the rights and privileges of the State of Missouri.

11. This Court has subject jurisdiction over the matter this Class Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

12. Venue is proper here as the material acts giving rise to this matter occurred in this District.

**FACTS**

13. On or about April 2022, Plaintiff saw a news segment aired on a local television station that haled a new breakthrough treatment for ED.

14. On April 7, 2022, Plaintiff visited the Oak Ridge Medical Clinic and participated in a New Patient Initial Consultation.

15. Plaintiff was told by an employee of Oak Ridge Medical Center that the medical treatments had a ninety-three percent (93%) success rate, and that 15-20 treatments could be purchased for eight-thousand five-hundred dollars ($8,500).

16. Plaintiff balked at such a high price, and so a negotiation followed. The employee of Oak Ridge Medical Center quoted Plaintiff various prices, and enticed Plaintiff with an offer of five-thousand dollars ($5,000) for fifteen (15) treatments, but "only if" Plaintiff paid that day.

17. On April 7, 2022, Plaintiff paid five-thousand dollars ($5,000) to "Oak Ridge Medical" via his credit card.

18. From April 2022 to July 2022, Plaintiff proceeded with the ED treatments, however, even after nearly a dozen treatments, Plaintiff noticed no progress toward the treatment of ED.

19. Further, the wait times for subsequent appointments could be up to an hour, while Plaintiff was seen initially in approximately ten (10) minutes.

20. After raising concerns, and even though one of the main selling points of Defendants' "treatment" was that patients would not have to take "the pill," (i.e., prescription ED medication) Defendants' prescribed Plaintiff with Defendants' "Specialty Medication."

21. Defendants' "Specialty Medication" was, essentially, Viagra, Cialis, and/or Levitra (common ED medications), blended with Yohimbine, and formulated to be a sublingual troche.

22. After this also did not help with Plaintiff's ED, and as he continued with ED treatment at Oak Ridge Medical Center, Plaintiff began talking to other customers of Oak Ridge Medical Center.

23. Plaintiff discovered that Defendants:

   a. Commonly and routinely give percentages of effectiveness of the treatment in excess of 90%;

   b. Commonly and routinely negotiate pricing among customers, and prices paid vary by thousands of dollars; and

   c. Commonly and routinely fail to provide any medical benefit to Defendants' customers.

24. Defendants know or should have known that Plaintiff and those similarly situated would not see any improvement, have no scientific support for claiming a 93% success rate, and resorted to prescription intervention even though they promised "A Breakthrough Treatment For Erectile Dysfunction That Is Surgery Free, Drug Free, and Needle-Free"

25. Defendants, while operating under the guise of "medical clinics" are – in reality – a grift that targets elderly men with ED.

## CLASS ALLEGATIONS

26. Plaintiff brings this action individually and on behalf of all others similarly situated as a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following class (the "Class"):

> All persons in the United States who paid Defendants for ED treatment.

27. Excluded from the Class are Defendant, their past or current officers, directors, affiliates, legal representatives, predecessors, successors, assigns and any entity in which any of them have a controlling interest, as well as all judicial officers assigned to this case as defined in 28 USC § 455(b) and their immediate families.

28. <u>Numerosity</u>. Members of the Class are so numerous and geographically dispersed that joinder of all members of the Class is impracticable. Plaintiff believes that there are hundreds of members of the Class widely dispersed throughout the United States. Class members can be identified from Defendants' records.

29. <u>Typicality</u>. Plaintiff's claims are typical of the claims of members of the Class. Plaintiff and members of the Class were harmed by the same wrongful conduct by Defendants in that Defendants unlawfully obtained the property of Plaintiff and the members of the Class by making false claims regarding their ED "treatment."

30. <u>Adequacy</u>. Plaintiff will fairly and adequately protect and represent the interests of the members of the Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the members of the Class. Plaintiff is represented by counsel with experience in the prosecution of class action litigation.

31. <u>Commonality</u>. Questions of law and fact common to the members of the Class predominate over questions that may affect only individual members of the Class because Defendants have acted on grounds generally applicable to the Class. Such generally applicable conduct is inherent in Defendants' wrongful conduct. Questions of law and fact common to the Classes include:

   a. Whether Defendant knowingly made false statements to induce Plaintiff and the members of the Class to purchase "treatments;"

   b. Whether Defendants violated the MMPA; and

      c.      Whether the Plaintiff and the members of the Class are entitled to damages as a result of Defendants' unlawful conduct.

32.      <u>Superiority</u>. Class action treatment is a superior method for the fair and efficient adjudication of the controversy. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practicably be pursued individually, substantially outweighs potential difficulties in management of this class action. Plaintiff knows of no special difficulty to be encountered in litigating this action that would preclude its maintenance as a class action.

## CLAIMS FOR RELIEF

### COUNT I – FRAUD IN THE INDUCEMENT

33.      Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

34.      Defendants made material representations to Plaintiff and the members of the Class, including but not limited to: Defendants' ED "treatment" had a success rate of 90% or more and Defendants' ED "treatment" could reverse ED without medication, surgery, or needles.

35.      These representations were false when made by Defendants to Plaintiff and the members of the Class. At least, without a complete medical history, medical testing, and a full medical examination, Defendant had no basis for promising Plaintiff and members of the Class a success rate in excess of 90%. Defendant knew that these representations were false when made, but made the false statements anyway so that desperate elderly men would pay thousands of dollars for ED "treatment."

36. Plaintiff and the members of the Class were in fact deceived by Defendants' claims of efficacy and relied on such claims when agreeing to pay thousands of dollars for Defendants' ED "treatment."

37. Furthermore, but for Defendants' false claims, neither Plaintiff nor members of the Class would have paid thousands of dollars for Defendants' ED "treatment."

### COUNT II – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

38. Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the Class under the Missouri Merchandising Practices Act ("MMPA"), MO. REV. STAT. § 407.010 *et seq*.

40. Throughout the relevant period, Defendants represented that its ED "treatment" had a successful treatment rate above 90%.

41. Defendants' ED "treatment" was unsuccessful for most, if not all of Defendants' customers.

42. Defendants knew or should have known that Plaintiff and the members of the Class would not see relief from ED, but made such promises anyway to induce payment of thousands of dollars to Defendants.

43. Defendants' falsities, misrepresentations, concealment, and failure to disclose the true nature of its ED "treatment" constitutes a "deception, fraud … false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact," in violation of the MMPA. See MO. REV. STAT. § 407.020.

44. Defendants' conduct constitutes an "unfair practice" under the MMPA because it:

(a) is unethical, oppressive or unscrupulous; (b) causes substantial injury to consumers; (c) violates Defendant's duty of good faith by soliciting consumers in

7

a dishonest manner without observing reasonable commercial standards of fair dealing; and (d) is unconscionable. See 15 C.S.R. § 60-8.

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and members of the Class suffered an ascertainable loss by paying for "treatments" that have no real medical value and for which Plaintiffs and the members of the Class would not have otherwise paid for absent Defendants deception, fraud, false promise, misrepresentation, and unfair practices, including having concealed, suppressed, or omitted material facts concerning the "treatment" despite having a duty to disclose such information.

### COUNT III – UNJUST ENRICHMENT

46. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint as if fully set forth herein.

47. Plaintiff brings this claim individually and on behalf of the members of the Class.

48. A plaintiff can obtain restitution if he or she shows that: (a) the defendant received a benefit from the plaintiff; and (b) it would be unjust to allow the defendant to retain the benefit. These elements promote the same fundamental policy: a person should not be permitted unjustly to enrich him or herself at the expense of another.

49. Defendants received a monetary benefit at the expense of Plaintiff and members of the Class when Plaintiff and members of the Missouri Class paid for ED "treatments" that Defendant knew or should have known had no chance at providing any real treatment for ED.

50. Defendants enrichment is unjust and inequitable under the circumstances because it was obtained through its wrongful conduct in falsely and deceptively describing and marketing the Acoustic Wave Therapy and its efficacy through high pressure sales tactics to those similarly situated.

51. Because Defendants were unjustly enriched at the expense of Plaintiff and members of the Class, Defendants must pay restitution to Plaintiff and members of the Class in the amount of its unjust enrichment.

**PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all others similarly situated, requests:

A. An order certifying the Class, appointing Plaintiff as Class Representative, and appointing Plaintiff's Counsel as Class Counsel;

B. An order finding in favor of Plaintiff and members of the Class;

C. An order permanently enjoining Defendants from continuing to engage in its wrongful conduct, including, but not limited to claiming a success rate for Acoustic Wave Therapy "treatment;"

D. A judgment awarding Plaintiff and members of the Class restitution and all other forms of equitable monetary relief, including equitable accounting, disgorgement, constructive trust, and punitive damages;

E. A judgment awarding Plaintiff and members of the Class damages as determined by the Court or jury, including compensatory damages, treble damages, and punitive damages in an amount that is fair and reasonable, yet will serve to deter Defendants from similar conduct in the future;

F. A judgment awarding pre-judgment and post-judgment interest on all monetary sums awarded;

G. An order awarding reasonable attorneys' fees, expenses, and costs of suit; and

H. An order or judgment awarding any such other and further relief as this Court deems just and proper.

Dated: December 13, 2022  Respectfully Submitted,

By: *Brandon M. Wise*
Brandon M. Wise
PEIFFER WOLF CARR
KANE CONWAY & WISE, LLP
818 Lafayette Ave., Floor 2
St. Louis, MO 63104

9

Ph: 314-833-4825
bwise@peifferwolf.com

Daren A. Luma*
D<small>AREN</small> A. L<small>UMA</small>, PLLC
75 South Broadway, Suite 400
White Plains, NY 10601
914-403-4051
dluma@lumalegal.com

*Counsel for Plaintiff and the Putative Class*

\**pro hac vice* motion forthcoming